AO 91 (Rev. 08/09)   Criminal Complaint

United States District Court
Southern District of Texas
FILED

FEB 1 4 2020

David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

|  |  |
|---|---|
| United States of America | ) |
| v. | ) |
|  | ) Case No. M - 20 - 426 - M |
|  | ) |
| Jose Francisco GUERRA | ) |
| YOB: 1939  CITIZENSHIP: USA | ) |
|  | ) |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ February 12, 2020 _____ in the county of _____ Hidalgo _____ in the

_____ Southern _____ District of _____ Texas _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 554 | Knowingly and fraudulantly smuggled and attempted to smuggle cigarettes from the United States contrary to law. |
| 18 U.S.C. § 2342 (a)(b) | (a) unlawful to knowingly  ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes or contraband smokeless tobacco.(b) unlawful to knowingly make any false statement or representation with information required to be kept in the records of a person who ships, sells or distributes any |
| 21 U.S.C § 381(e)(1)(B) | quanitity of cigarettes in excess of 10,000 in a single transaction. Adulterated and misbranded tobacco intended for export. |

This criminal complaint is based on these facts:

SEE ATTACHMENT "A"

✓ Continued on the attached sheet.

Approved AUSA *Mike Mitcll*
2/14/20

_____
Complainant's signature

Sworn to before me and signed in my presence.

Matthew Shoemaker U.S. HSI Special Agent
*Printed name and title*

Date: 2/14/20 — 9:10 a.h.

_____
Judge's signature

City and state:   McAllen, Texas

Honorable Juan F. Alanis U.S. Magistrate Judge
*Printed name and title*

Attachment A

On February 12, 2020, Homeland Security Investigations (HSI) Special Agents (SA) conducted a surveillance operation at a warehouse located at 3901 W Ursula Ave, McAllen, TX.  The warehouse was identified as being utilized to store foreign manufactured cigarettes that were illegally entering U.S. commerce and also being smuggled to Mexico.  HSI SAs observed multiple white vans displaying insignia associated with Victor Guerra Duty Free near the area of the warehouse.  During the surveillance operation, HSI SAs observed a white van exit the warehouse.  The van left the area of the warehouse and began traveling at a high rate of speed as if it was trying to evade the surveillance team.  The van subsequently returned to the warehouse and was observed entering the warehouse.  Shortly after the van entered the warehouse, HSI SAs observed the warehouse closing a rolling steel door and an entrance gate to the warehouse.

HSI SA Shoemaker and SA Perez approached the aforementioned warehouse and identified themselves as federal agents to Jose Francisco GUERRA.  SAs asked if they if the could enter the premises and speak to GUERRA. GUERRA granted HSI SAs consent to conduct an inspection of the premises.  Upon entering the warehouse, SAs clearly observed approximately 40 cases of unstamped cigarettes outside of the in-bond caged area. HSI SAs with the assistance of HSI Task Force Officers, and a representative of the Government of Mexico Servicio de Administracion Tributaria (SAT) conducted an inspection of the cigarettes in the warehouse. HSI McAllen identified a foreign produced brand of cigarettes that had previously been seized for illegally entering U.S. commerce during a previous operation.  The Mexican SAT representative advised that numerous brands of cigarettes in the warehouse were banned in Mexico for health reasons and other brands that were in violation of Mexican laws to include FISCAL (TAX) FEDERAL CODE: Chapter II Fiscal Crimes, Articles 102 and Chapter: Unique, Article 176 (I and III), 177 (III); therefore, the cigarettes are considered adulterated and misbranded while being intended for export to Mexico.

On February 12, 2020, an HSI SA advised GUERRA of his Miranda rights, GUERRA stated he understood his rights and voluntarily waived them orally and in writing. GUERRA made the following non-verbatim statements that have been paraphrased and may not be in the order in which he gave them.

GUERRA stated he had been smuggling cigarettes to Mexico in increments of 40 cases (containing approximately 400,000 individual cigarettes) on a regular basis.  GUERRA stated he was aware that it was illegal to smuggle cigarettes into Mexico.  GUERRA also stated that he knew that in bond cigarettes were required by law to be secured within the bonded cage inside of the warehouse and that there were cigarettes that he had outside of the bonded cage.  GUERRA estimated he had approximately 800,000 pounds of cigarettes in his warehouse and stated he planned to illegally smuggle all of them to Mexico.