UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. 7:20-CR-00354-S1 |
| JOSE FRANCISCO GUERRA | § | |

## ORDER OF FORFEITURE

Pursuant to Rule 32.2 (b) of the Federal Code of Criminal Procedure this Court now enters an Order of Forfeiture and makes the following findings:

1. A Superseding Indictment was returned by a Federal Grand Jury in the Southern District of Texas, McAllen Division on March 10, 2020 charging the Defendant with fraudulently and knowingly exporting from the United States a quantity of cigarettes in excess of 10,000, in violation of Title 18 U.S.C. § 554(2) and 2. The Superseding Indictment included a notice of forfeiture and a Supplemental Notice of Forfeiture was filed on April 16, 2020, pursuant to Title 18 U.S.C. § 924(d)(1) and Title 28 U.S.C. § 2461(c), in which the United States sought forfeiture of the following property:

   1. 49,800 cartons of Golden Deer King Size cigarettes;
   2. 20,650 cartons of Golden Deer "Blue" cigarettes;
   3. 70,399 cartons of Golden Deer cigarettes;
   4. 40,200 cartons of Garanon cigarettes;
   5. 260,491 cartons of Malaga cigarettes;
   6. 2,500 cartons of Sonora cigarettes;
   7. 350 cartons of Poker cigarettes;
   8. 52,500 cartons of President cigarettes;
   9. 118,249 cartons of Euro cigarettes;
   10. 96,000 cartons of Farstar cigarettes;
   11. 100,000 cartons of Win (red) cigarettes;
   12. 94,900 cartons of Silver Elephant cigarettes;
   13. 18,000 cartons of Meridian cigarettes;
   14. 20,250 cartons of Nise cigarettes;
   15. 54,600 cartons of Lake cigarettes;
   16. 134,050 cartons of Marshal (black) cigarettes;
   17. 17,600 cartons of Marshal (blue) cigarettes;

18. 50,000 cartons of Marshal (white) cigarettes;
19. 60,000 cartons of Gentori cigarettes;
20. 175,499 cartons of Alamo cigarettes;
21. 150,000 cartons of Seneca cigarettes;
22. 80,000 cartons of Marshal (red) cigarettes;
23. 78,649 cartons of Marshal (menthol) cigarettes;
24. 224,999 cartons of Win (blue) cigarettes;
25. 80,999 cartons of Fox cigarettes;
26. 29,699 cartons of Lake (red) cigarettes;
27. 5,000 cartons of Lake (blue) cigarettes;
28. 4,900 cartons of Lake (white) cigarettes;
29. 1 carton of Win (blue) sample cigarettes;
30. 1 carton of Golden Deer sample cigarettes;
31. 1 carton of Euro sample cigarettes;
32. 1 carton of Alamo sample cigarettes;
33. 1 carton Fox sample cigarettes;
34. 1 carton Marshal menthol sample cigarettes;
35. 1 carton Lake sample cigarettes;
36. 1 2012 Ford E350;
37. 1 Year Unknown Forklift;
38. 1 2007 Yale Forklift;
39. 1 Uline Pallet Jack;
40. 12 boxes Tuf-Flex shrink-wraps;
41. 1 Bluff Steel Yard ramp;
42. 1 Panasonic DVR;
43. 1 LR Altra Pallet Jack 1;
44. 1 Toyota Forklift truck, with propane tank;
45. 1 Propane tank; and
46. $62,680.00 in United States Currency.

2. Defendant, JOSE FRANCISCO GUERRA, pled guilty to count one of the Superseding Indictment on May 26, 2020. This Court, having considered the Defendant's plea and the factual basis submitted by the Government, has found the Defendant guilty of fraudulently and knowingly exporting from the United States a quantity of cigarettes in excess of 10,000 as charged in count one of the Superseding Indictment.

3. The factual basis submitted by the Government's attorney during the plea colloquy further establishes the requisite nexus between the offense of fraudulently and knowingly

exporting from the United States a quantity of cigarettes in excess of 10,000 and the forfeiture of the subject property listed herein.

4. Defendant agreed to the forfeiture to the United States of a Subject Property.

5. As a result of the foregoing, the Court finds that the Subject Property, is forfeited to the United States and that the United States has a forfeiture of said property against defendant Jose Francisco Guerra. Said forfeiture shall be included in the Defendant's sentence and judgment.

6. The Department of Homeland Security, U.S. Customs and Border Protection (CBP) shall seize the property to be forfeited, conduct any discovery the Court considers proper, and dispose of the property to be forfeited in accordance to law.

7. The forfeited property shall be held by CBP as custodian pending the signing of a final order of forfeiture or further order of the Court.

8. Pursuant to 21 U.S.C. § 853(n), the United States shall: (a) directly notify all persons or entities known to own or claim an interest in the forfeited property; and (b) publish in a Government internet site (www.forfeiture.gov) notice of the entry of this Order, the intent of the United States to dispose of the forfeited property, and advise any claimants to file a petition with the Court and the Assistant United States Attorney assigned to this matter within thirty (30) days of the final publication of this notice or if actual notice was received, then within thirty (30) days of receipt, requesting the court for a hearing to adjudicate the validity of his/her alleged interest in the property. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The petition should be filed with the United States District Clerk, Southern District of Texas, McAllen

Division, United States Courthouse, Bentsen Tower, 1701 W. Business Highway 83, McAllen, Texas 78501.

A copy of the petition shall be sent to Jon Muschenheim, Assistant United States Attorney, South Tower, 800 N. Shore Blvd., Ste. 500, Corpus Christi, Texas 78401.

9. Upon adjudication of all third party claims, the Court will enter a final judgment and order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c)(2).

SIGNED this _____ day of _____ 2020 at McAllen, Texas.

_____
HONORABLE MICAELA ALVAREZ
U.S. DISTRICT COURT JUDGE